JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUEMAR PROMOTIONS, LLC, a New Hampshire Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>VONNIC, INC., a California Corporation,<br><br>Defendant. | **Case No. CV 22-06045-MWF (SKx)**<br><br>The Honorable Michael W. Fitzgerald, United States District Judge<br><br>**JUDGMENT AFTER TRIAL** |

On September 15, 2023, this Court granted the parties' stipulation dismissing Defendant Kim Por Lin from this action and Plaintiffs' fifth cause of action for breach of contract against Kim Por Lin. As to Defendant Vonnic, Inc., this Court granted partial summary adjudication, thereby establishing that Defendant Vonnic, Inc., breached its contract with and express warranty to Plaintiff Bluemar Promotions, LLC, but left for trial the questions of whether Defendant Vonnic, Inc., could establish

its affirmative defense that Plaintiff Bluemar Promotions, LLC failed to revoke its acceptance of the goods within a commercially reasonable time, whether Plaintiff AMA Systems, LLC, was a third-party beneficiary to the contract, and whether Defendant Vonnic, Inc., had breached the implied warranty of merchantability. On August 19, 2024, this Court granted the parties' stipulation to dismiss Plaintiff AMA Systems, LLC from this action. Bluemar Promotions, LLC, elected to pursue only its claims for breach of contract and breach of express warranty at trial.

The affirmative defense came on regularly for jury trial between October 15, 2024, and October 17, 2024, in Courtroom 5A of this United States District Court. Plaintiff Bluemar Promotions, LLC, was represented by M. Celeste Bruce, Esq., and Madelaine Kramer Katz, Esq., of Rifkin Weiner Livingston, LLC, and Bradley J. Mullins, Esq., of Mitchell Silberberg & Knupp LLP. Defendant Vonnic, Inc., was represented by Edward O. Lear, Esq. and Marisol Ocampo, Esq., of Century Law Group LLP.

A jury of eight persons was regularly empaneled and sworn. Witnesses were sworn and testified, and exhibits were admitted into evidence. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury. The jury deliberated and thereafter returned a verdict in pertinent part as follows:

Do you find by a preponderance of the evidence that Vonnic has proven its affirmative defense that Bluemar failed to notify Vonnic of its revocation of acceptance within a commercially reasonable time?

**Yes**_____                              **No**__X__

Now, therefore, pursuant to Rules 54 and 58 of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment in this action be entered as follows:

1. Judgment is entered in favor of Plaintiff Bluemar Promotions, LLC, and against Defendant Vonnic, Inc., in the amount of **$1,055,000.00**;
2. Plaintiff Bluemar Promotions, LLC, is awarded simple prejudgment interest pursuant to California Civil Code section 3289(b) in the amount of **$434,155.25**; and
3. Plaintiff Bluemar Promotions, LLC, is awarded its costs as provided by law.

Dated: October 28, 2024

_____
MICHAEL W. FITZGERALD
United States District Judge